MEMORANDUM **
Tai Parie Braggs, a former pretrial detainee in the Maricopa County Jails, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action, without prejudice, for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act (“PLRA”), 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003). We affirm.
*681 The district court properly dismissed the action because Braggs did not exhaust administrative remedies before filing his complaint in federal court. See Porter v. Nussle, 534 U.S. 516, 520, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that the PLRA requires inmates to exhaust administrative remedies); see also Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir.2008) (noting that “proper exhaustion” requires adherence to administrative procedural rules). Further, Braggs’s conclusory pleadings and submissions opposing the motion to dismiss were insufficient to show that prison officials frustrated his ability to grieve.
The district court did not err in considering the evidence Arpaio submitted with his reply to Braggs’s opposition to the motion to dismiss, to which Braggs had opportunity to and did respond. See Miller v. Glenn Miller Prods., 454 F.3d 975, 979 n. 1 (9th Cir.2006) (per curiam) (holding that the district court did not err in considering evidence first submitted in the moving party’s reply to the opposition to summary adjudication where the evidence was introduced to counter claims made in the opposition, and the non-moving party could have asked the district court for permission to respond).
Braggs’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.